UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ELADEM, HILMI HAMMAD,

Case No. 2:17-cv-00761-AA

Plaintiff,

OPINION AND ORDER

v.

NOOTH, MARK, Superintendent, et al.,

Defendants.

AIKEN, District Judge:

Plaintiff, an inmate at Snake River Correctional Institution (SRCI), filed suit pursuant to 42 U.S.C. § 1983 and alleged the failure to protect, deliberate indifference to his safety and medical needs, and violations of his rights to due process. Defendants now move for summary judgment under Federal Rule of Civil Procedure 56 on all claims. For the reasons set forth below, defendants' motion is granted.

## DISCUSSION

Plaintiff's claims arise out of a fight in SRCI's "chow hall" on July 26, 2016. Plaintiff alleges that defendants failed to protect him from assault by another inmate, placed him in

1   - OPINION AND ORDER

segregation after the assault when he was not at fault, and denied him medical care for his injuries. Compl. at 4-6 (ECF No. 2). Defendants move for summary judgment on grounds that plaintiff failed to exhaust his available administrative remedies. To prevail on their motion for summary judgment, defendants must show there is no genuine dispute as to any material fact and they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) ("If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56."). The court must construe the evidence and draw all reasonable inferences in the light most favorable to plaintiff. *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011).

Under the Prison Litigation Reform Act (PLRA), inmates must exhaust all available administrative remedies before filing a federal action to redress prison conditions or incidents. *See* 42 U.S.C § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). The exhaustion requirement is mandatory and requires compliance with both procedural and substantive elements of the prison administrative process. *Woodford v. Ngo,* 548 U.S. 81, 85, 90 (2006); *McKinney v. Carey*, 311 F.3d 1198, 1199-1200 (9th Cir. 2002) (per curiam). If the defendant shows that the inmate did not exhaust an available administrative remedy, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172; *see also Sapp v. Kimbrell*, 623 F.3d 813, 822 (9th Cir. 2010) (the PLRA does not require exhaustion when administrative remedies are "effectively

unavailable"); *Brown v. Valoff*, 422 F.3d 926, 937 (9th Cir. 2005) (an administrative remedy must be available "as a practical matter").

The Oregon Department of Corrections (ODOC) employs a three-step grievance and appeal process. Or. Admin. R. 291-109-0140. Generally, the inmate must file a grievance within 30 days of the alleged condition or incident. *Id.* 291-109-0150(2). A grievance that is returned to the inmate on procedural grounds may not be appealed. Instead, the inmate may resubmit the grievance within 14 days if the procedural errors can be corrected. *Id.* § 291-109-0160(5). If a grievance is accepted, the inmate may appeal a response to the grievance within 14 calendar days. *Id.* 291-109-0170(1)(b). If the first appeal is denied, the inmate may file a second appeal within 14 days of the date the denial was sent to the inmate. *Id.* 291-109-0170(2)(c). A decision following a second appeal is final and not subject to further review. *Id.* 291-109-0170(2)(f).

On September 9, 2016, plaintiff filed Grievance No. SRCI 2016.09.63 and complained that he was assaulted in the chow hall on July 26, 2016 and confined in segregation after the assault. Taylor Decl. ¶ 21. This grievance was returned as untimely because plaintiff did not submit it within 30 days of the incident. *Id.* ¶ 22.

On September 16, 2016, plaintiff submitted Grievance No. SRCI 2016.09.108 and stated that he was resubmitting his grievance because he sent "2 kytes to Lt. Cleaver and the security asking them about the status" of his "case." *Id.* ¶ 23. Grievance No. SRCI 2016.09.108 was denied because it was not submitted within 30 calendar days of the date of the incident. *Id.* ¶ 24.

On September 21, 2016, plaintiff submitted a grievance appeal form for Grievance Nos. SRCI 2016.09.063 and SRCI 2016.09.108. *Id.* ¶ 25.

On September 26, 2016, a grievance coordinator returned the grievance appeal form and informed plaintiff that he could not appeal a denied grievance. Taylor Decl. ¶ 26.

On September 28, 2016, plaintiff submitted another grievance appeal form as his "second appeal," and a grievance coordinator returned the grievance appeal form and again informed plaintiff that he could not appeal a denied grievance. *Id.* ¶¶ 27-28.

The record reflects that plaintiff did not comply with the procedural requirements of the ODOC grievance process by filing his grievance within 30 days of the assault and his placement in segregation. *Woodford*, 548 U.S. at 91 (the PLRA exhaustion requirement requires "proper" exhaustion and compliance with "with an agency's deadlines and other critical procedural rules"). Further, plaintiff submitted no grievances related to medical treatment he did or did not receive after the assault. Taylor Decl. ¶¶ 20-36. Accordingly, plaintiff failed to exhaust his administrative remedies for claims relating to the assault or his confinement in segregation.

In his response to defendant's motion, plaintiff argues that he exhausted his remedies by submitting two "kytes" about his segregation to a corrections officer that went unanswered. Granted, "an inmate who attempts to grieve an issue" through an inmate communication form "shall have his/her communication returned to him/her with instruction that the inmate resubmit the grievance on the department's approved inmate grievance form." Or. Admin. R. 291-109-0140(1)(c). However, plaintiff does not provide the kytes he submitted and he indicated in his grievances that the kytes merely requested information about the status of his "case." Thus, plaintiff does not show that he attempted to grieve his segregation placement and was thwarted by defendants. *Ross v. Blake*, 136 S. Ct. 1850, 1860 (2016) (administrative remedies are rendered unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation").[1]

---

[1] Even if I found a question of fact as to whether plaintiff attempted to grieve his placement in segregation, plaintiff cannot sustain a claim based on his 16-day in segregation. The Supreme Court has held that the federal "Constitution itself does not give rise to a liberty interest

Plaintiff also suggests that the grievance process was not explained to him. However, defendants indicate that the grievance process is explained to inmates during an Admission and Orientation class when they first arrive at SRCI. Taylor Decl. ¶ 9. Additionally, the information is contained in the inmate handbook, and grievance instructions are available with grievance forms. *Id.* ¶ 10. Finally, a video with detailed information on the grievance process is shown weekly on the inmate television network. *Id.*

Therefore, plaintiff fails to establish that his administrative remedies were effectively unavailable, and his claims are barred under the PLRA.

CONCLUSION

For the reasons explained above, plaintiff's claims are barred, and defendant's Motion for Summary Judgment (ECF No. 52) is GRANTED. This action is DISMISSED.

IT IS SO ORDERED.

DATED this 25th day of June, 2018.

_____
Ann Aiken
United States District Judge

---

in avoiding transfer to more adverse conditions of confinement." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Instead, a protected liberty interest may arise when segregated housing imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484-86 (1995); *see also Chappell v. Mandeville*, 706 F.3d 1052, 1064 (9th Cir. 2013). Plaintiff's placement in segregated housing for 16 days did not impose atypical and significant hardships in relation to the ordinary incidents of prison life, despite the alleged restriction on some of his activities. *See Sandin*, 515 U.S. 486 (finding that 30 days "in segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest"); *Richardson v. Runnels*, 594 F.3d 666, 672 (9th Cir. 2010) (explaining that 15 days of segregation did not constitute an "atypical and significant hardship in relation to the ordinary incidents of prison life").